**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 16, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DONALD LEE CRAY,

    Petitioner - Appellant,

v.

JOSHUA CULTRERA,

    Respondent - Appellee.

No. 26-7020
(D.C. No. 6:23-CV-00074-RAW-GLJ)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BACHARACH**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Donald Lee Cray, an Oklahoma state prisoner proceeding pro se[1], seeks a certificate of appealability ("COA") to challenge the district court's order denying his petition for habeas relief under 28 U.S.C. § 2254. Exercising jurisdiction under 28 U.S.C. § 1291, we deny Mr. Cray's application for a COA and dismiss this matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Cray appears pro se, we liberally construe his pleadings. *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). "[T]his rule of liberal construction stops, however, at the point at which we begin to serve as his advocate." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

## I.    BACKGROUND

In September 2020, an Oklahoma jury convicted Mr. Cray of attempted first-degree burglary. *See* Okla. Stat. tit. 21, §§ 42, 1431. The State's allegations stemmed from an incident in March 2019 when Mr. Cray arrived unannounced at Shacreea Stevenson's residence. Mr. Cray and Ms. Stevenson had a child together, who lived at the residence with Ms. Stevenson. Ms. Stevenson had previously asked Mr. Cray to stop showing up at her residence unannounced.

Ms. Stevenson testified at trial that on the night of the incident, she woke up to Mr. Cray "beating on [her] walls and . . . windows and yelling and screaming." ROA Vol. I at 192. Ms. Stevenson noticed that Mr. Cray was wearing gloves and carrying "a metal pole in his hands." *Id.* at 193. She also testified that she heard Mr. Cray hitting her front door repeatedly with the metal pole, and she could hear him yelling, "I want my son, I want my son." *Id.* at 198. Ms. Stevenson called 911. The first officer to respond, Officer Adan Viloria with the Oklahoma City University Police Department, also testified at trial. When Officer Viloria arrived at the residence, he saw Mr. Cray "standing outside the front door with some kind of object in his hand that appeared to be . . . a crowbar." *Id.* at 206. Mr. Cray told Officer Viloria that "he was trying to get inside the house" because he worried there were drugs inside the residence around his child. *Id.* at 208.

The jury found Mr. Cray guilty of attempting to commit first-degree burglary. He was sentenced to a twenty-year term of imprisonment.

2

Through his appellate counsel, Mr. Cray appealed his conviction directly to the Oklahoma Court of Criminal Appeals ("OCCA"). Mr. Cray argued that the evidence was insufficient to prove beyond a reasonable doubt that he intended to enter Ms. Stevenson's residence and that he attempted to enter the residence. The OCCA rejected Mr. Cray's arguments and affirmed his conviction.

Mr. Cray then filed a pro se petition for relief in Oklahoma district court under Oklahoma's Post-Conviction Procedure Act. Okla. Stat. tit. 22, § 1080. The operative petition contained two arguments: (1) that there was insufficient evidence to sustain Mr. Cray's first-degree attempted burglary conviction; and (2) that the State knowingly elicited false testimony from witnesses at trial.[2] The Oklahoma district court rejected both arguments. First, it held that Mr. Cray's sufficiency-of-evidence argument was barred under Oklahoma's rule that claims previously raised and rejected are barred by res judicata. Second, it concluded that Mr. Cray waived his argument that false testimony was used against him because Oklahoma law bars the assertion of alleged errors that could have been raised on direct appeal but were not. *See Logan v. State*, 293 P.3d 969, 973 (Okla. Crim. App. 2013) (citing Okla. Stat. tit. 22, § 1086).

---

[2] Mr. Cray filed two petitions seeking post-conviction relief. The two petitions make different arguments. His first petition, however, did not comply with the procedural requirements for an application under Oklahoma's Post-Conviction Procedure Act. Accordingly, the Oklahoma district court reviewed only Mr. Cray's properly filed petition.

Mr. Cray, still proceeding pro se, appealed the Oklahoma district court's denial of his petition for post-conviction relief to the OCCA. Mr. Cray raised several new arguments on appeal, including claims that he received ineffective assistance from his trial and appellate counsel. The OCCA affirmed the Oklahoma district court's denial of Mr. Cray's petition for post-conviction relief. It held that Mr. Cray waived the arguments that he did not raise in his original petition to the state district court. *See* Rule 5.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2026). And it affirmed the Oklahoma district court's conclusion that Mr. Cray's other arguments were procedurally barred under Oklahoma's waiver and res judicata doctrines.

In February 2023, Mr. Cray filed a habeas petition in federal district court under 28 U.S.C. § 2254. In his petition, Mr. Cray argued that the State presented insufficient evidence to sustain his first-degree attempted burglary conviction and that he received ineffective assistance from his trial and appellate counsel. Mr. Cray also asserted that the trial court failed to hold a pre-trial evidentiary hearing and that evidence of his prior convictions was improperly admitted.

The federal district court denied Mr. Cray's habeas petition. The district court concluded that most of Mr. Cray's arguments were procedurally barred under Oklahoma law because he did not raise them in his direct appeal of his conviction. It also noted that Mr. Cray waived any arguments that he raised for the first time in his appeal to the OCCA of the Oklahoma district court's denial of his petition for post-conviction relief, because he did not raise them in his original petition. The district

court thus concluded that it could not consider Mr. Cray's procedurally barred claims because he did not "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." ROA Vol. I at 312 (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

The district court, however, determined that it could consider the substance of one of Mr. Cray's arguments. Specifically, it reviewed Mr. Cray's argument that the evidence at trial was insufficient to sustain his first-degree attempted burglary conviction on the merits because Mr. Cray raised this argument in his direct appeal of his conviction to the OCCA. After reviewing the merits, the district court denied Mr. Cray's sufficiency claim.

Mr. Cray then filed a combined application for a COA and opening brief in this court challenging the district court's denial of his § 2254 petition.[3] Because Mr. Cray has failed to satisfy the required standards for a COA, we deny his application for a COA and dismiss this matter.

---

[3] The district court entered judgment against Mr. Cray on February 5, 2026. His notice of appeal was due on March 9, 2026. Fed R. App. 4(1)(1)(A), 26(a)(1)(C). The district court did not receive Mr. Cray's notice of appeal until ten days after the deadline, on March 19, 2026. However, Mr. Cray attached a declaration to his notice of appeal stating that he deposited the notice in the prison's internal mail system on March 1, 2026. His declaration complies with the requirements of the prison mailbox rule codified in Federal Rule of Appellate Procedure 4(c)(1), so his appeal was timely filed.

## II.    LEGAL STANDARD

Mr. Cray must obtain a COA before he can appeal the district court's denial of his habeas petition. *Montez v. McKinna*, 208 F.3d 862, 866–67 (10th Cir. 2000); 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing does not require Mr. Cray to prove the ultimate validity of his claims, but he must show "'something more than the absence of frivolity' or the existence of mere 'good faith' on his . . . part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

With respect to the claims the district court denied on procedural grounds, Mr. Cray must show "both 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because Mr. Cray must meet both requirements, we need not consider whether Mr. Cray stated a valid constitutional claim if we conclude that reasonable jurists would not debate the district court's procedural denials. *Slack*, 529 U.S. at 485. As for the claim the district court denied on the merits, Mr. Cray need only "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim[] debatable or wrong." *Id.* at 484.

6

## III.    DISCUSSION

On appeal, Mr. Cray raises five arguments. He argues that he is entitled to a COA and habeas relief because (1) Officer Viloria did not inform him of his *Miranda* rights before he made incriminating statements, (2) the police report from the night of the incident is inconsistent with witness testimony, (3) his trial counsel was ineffective, (4) his appellate counsel was ineffective, and (5) the evidence presented at trial was insufficient to sustain a first-degree attempted burglary conviction.

We proceed in three steps. First, we note that Mr. Cray waived arguments that he did not raise before the district court. Second, we discuss the district court's rulings that Oklahoma law procedurally barred Mr. Cray's claims that false testimony was admitted against him and that he received ineffective assistance from his trial and appellate counsel. And third, we review the district court's substantive ruling rejecting Mr. Cray's sufficiency-of-evidence argument on the merits. Ultimately, we conclude that Mr. Cray has failed to meet his burden to show that the district court's procedural and substantive rulings are reasonably debatable.

### A.    *Waiver*

Mr. Cray contends that the use of statements he made to Officer Viloria regarding his intent to enter Ms. Stevenson's home violated his Fifth Amendment rights because he was not informed of his right to remain silent before he made the statements at issue. Mr. Cray did not raise this argument in his habeas petition to the district court. We do not consider arguments for the first time on appeal, even in the

habeas context. *Rojem v. Gibson*, 245 F.3d 1130, 1142 (10th Cir. 2001). We thus deny Mr. Cray's application for a COA as to his Fifth Amendment challenge.

### B.    District Court's Procedural Rulings

Mr. Cray contends that false testimony was admitted against him at trial, that he received ineffective assistance from counsel at trial, and that his appellate counsel was ineffective. The district court concluded that all three claims were procedurally barred under Oklahoma law. We agree.

Federal courts cannot "consider issues on habeas review that the state court deemed procedurally barred." *Hammon v. Ward*, 466 F.3d 919, 925 (10th Cir. 2006). We cannot "review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman*, 501 U.S. at 729. A state law procedural bar is adequate if it is "firmly established and regularly followed," and it is independent "if it relies on state law, rather than federal law." *Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2008). A habeas petitioner may overcome a procedural bar by demonstrating "cause and prejudice or a fundamental miscarriage of justice." *Id*.

The district court concluded that the OCCA denied Mr. Cray's argument that false evidence was admitted against him on an independent and adequate state procedural bar. The OCCA denied Mr. Cray's false-evidence argument because he did not raise it in his direct appeal of his conviction. And under Oklahoma law, arguments that are not raised on direct appeal are waived. Okla. Stat. tit. 22, § 1086.

8

"[T]his court has found Oklahoma's bar of claims not raised on direct appeal to be independent and adequate with respect to claims other than ineffective assistance of counsel." *Smith*, 550 F.3d at 1274.

The district court also held that the OCCA denied Mr. Cray's arguments regarding the effectiveness of his trial and appellate counsel on an independent and adequate state procedural bar.[4] Mr. Cray did not argue that his counsel was ineffective in his operative petition for post-conviction relief. Instead, he argued that his trial and appellate counsel were ineffective for the first time when he appealed the Oklahoma district court's denial of his petition. Under Rule 5.2(A) of the *Rules of the Oklahoma Court of Criminal Appeals*, an appeal under the Post-Conviction Procedure Act encompasses only "issues raised . . . in the District Court." We have held that the neighboring Rule 5.2(C), which sets out the procedural requirements for petitions under Oklahoma's Post-Conviction Procedure Act, is an independent and adequate state procedural bar that precludes federal habeas review. *Duvall v. Reynolds*, 139 F.3d 768, 797 (10th Cir. 1998). And in an unpublished case, we noted

---

[4] Mr. Cray asserts that the district court ignored his competency claim. Part of Mr. Cray's claim that his trial counsel was ineffective is that his trial counsel knew he took medication for schizophrenia but failed to arrange a competency evaluation. To the extent Mr. Cray attempts to assert a separate claim that the state trial court failed to hold a competency hearing, he has procedurally defaulted this claim, too. Although substantive due process claims based on competency are not subject to the same waiver and procedural default standards, procedural due process claims are. *Rogers v. Gibson*, 173 F.3d 1278, 1289 (10th Cir. 1999). And claims that the district court failed to hold a competency hearing, like the one Mr. Cray asserts, are procedural due process claims. *Barnett v. Hargett*, 174 F.3d 1128, 1133–34 (10th Cir. 1999).

that Rule 5.2(A) is "a procedural rule similar enough to Rule 5.2(C) to also constitute an adequate and independent state ground." *Brown v. Albaugh*, 678 F. App'x 638, 642 & n.3 (10th Cir. 2017) (unpublished)[5] (citing additional decisions that "also found Rule 5.2(A) to be an independent and adequate state ground"); *see also Vineyard v. Bridges*, No. 25-5089, 2026 WL 1783850, at *6 (10th Cir. 2026) (affirming the district court's conclusion that Rule 5.2(A) is an independent and adequate state ground barring federal habeas review).

Because Mr. Cray's claims are procedurally barred, we may consider them only if he demonstrates "cause and prejudice or a fundamental miscarriage of justice." *Fairchild v. Workman*, 579 F.3d 1134, 1141 (10th Cir. 2009). Mr. Cray asserts that his procedural defaults should be excused because (1) his appellate counsel was ineffective, and (2) he did not have access to his trial transcripts until months after the direct appeal of his conviction.

Mr. Cray has not shown the requisite cause to excuse his procedural defaults. Ineffective counsel can establish cause for a petitioner's procedural default of a separate constitutional claim. *Coleman*, 501 U.S. at 733–34. But an ineffective-assistance claim is itself a constitutional claim that "must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" *Edwards v. Carpenter*, 529 U.S. 446, 452 (quoting *Murray v.*

---

[5] We cite unpublished cases for their persuasive value only and do not treat them as binding authority. *See United States v. Ellis*, 23 F.4th 1228, 1238 n.6 (10th Cir. 2022).

*Carrier*, 477 U.S. 478, 489 (1986)). Mr. Cray could have raised an argument that he received ineffective assistance of counsel in his petition for post-conviction relief in Oklahoma district court. But he instead raised it for the first time when he appealed the district court's denial of his petition to the OCCA. Thus, as the district court noted, "any ineffective assistance of appellate counsel claim that might serve as cause to excuse the procedural defaults was, itself, procedurally defaulted." ROA Vol. I at 313.

Nor is Mr. Cray's assertion that he did not have access to his trial transcripts sufficient to establish cause for his procedural defaults. Mr. Cray's waiver of his claims "was not caused by a failure to cite to the record; rather, it was the result of his failure to even facially raise the claims" when he first had the opportunity to do so. *See Blaurock v. Kansas*, 686 F. App'x 597, 608–09 (10th Cir. 2017). As a result, Mr. Cray has not pointed to "something external . . . that cannot fairly be attributed to him." *Griffin v. Schnurr*, 640 F. App'x 710, 720 (10th Cir. 2016).

Finally, Mr. Cray has not demonstrated that a fundamental miscarriage of justice would occur if we do not review the merits of his procedurally barred claims. This standard requires "a colorable showing of factual innocence." *Steele v. Young*, 11 F.3d 1518, 1522 (10th Cir. 1993) (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). Mr. Cray submitted documents to the district court and attached them to his opening brief on appeal to demonstrate that his counsel committed ethical violations and that the testimony at trial was inconsistent with a police report filed the night of the alleged attempted burglary. These documents indicate Mr. Cray's "dissatisfaction

11

with his attorneys" and his disagreement with the evidence that was presented against him. ROA Vol. I at 314. But they do not show "that it is more likely than not that no reasonable juror would have convicted him in the light of new evidence." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). We therefore conclude that reasonable jurists would not debate the district court's conclusion that it could not review Mr. Cray's procedurally defaulted claims and its denial of Mr. Cray's application for a COA.

### C.    *District Court's Substantive Ruling*

Mr. Cray's final argument is that the evidence at trial was insufficient to sustain his conviction because it consisted only of circumstantial evidence and witness testimony. This claim was not procedurally barred, so we may grant Mr. Cray's application for a COA as to this issue only if he has shown that "reasonable jurists would find the district court's assessment of the constitutional claim[] debatable or wrong." *Slack*, 529 U.S. at 484.

The relevant question in a claim regarding the sufficiency of evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In federal habeas cases, we apply "an additional degree of deference, and the question becomes whether the OCCA's conclusion that the evidence was sufficient constituted an unreasonable application of the *Jackson* standard." *Hooks v. Workman*, 689 F.3d 1148, 1165 (10th Cir. 2012) (internal quotation marks omitted). We ask "whether the

12

facts are correct and whether the law was properly applied to the facts." *Diestel v. Hines*, 506 F.3d 1249, 1267 (10th Cir. 2007) (quotation marks omitted).

The OCCA concluded that the evidence at trial was sufficient to support a finding that Mr. Cray intended to and attempted to enter Ms. Stevenson's residence on the night of the alleged attempted burglary. In so holding, the OCCA identified and applied the *Jackson* standard:

> We review the evidence in the light most favorable to the State, asking whether any rational trier of fact could find the elements of the charged crime beyond a reasonable doubt. *Spuehler v. State*, 1985 OK CR 132, ¶ 709 P.2d 202, 203–04.
>
> The elements of first degree burglary are breaking and entering the dwelling of another, in which a human is present, with the intent to commit a crime therein. 21 OS 1981, § 1431. An "attempt" consists of some overt act towards the commission of the charged crime, with the intent to commit it, and the failure to consummate the crime. *State v. Fletcher*, 2006 OK CR 11, ¶ 12, 133 P.3d 339, 341.
>
> The evidence tends to establish the attempted breaking of the outer door of a dwelling in which others were present, with the apparent intent to commit an assault, battery, or even a homicide therein. Appellant's possible change of heart before he fully broke and entered the residence does not absolve him of the felonious intent that the jury found him to possess at the time of the overt act of attempting to break down the door.

ROA Vol. I at 59.

The district court determined that the OCCA's conclusion was not "contrary to or an unreasonable application of *Jackson*," nor was it "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* at 309 (quoting 28 U.S.C. § 2254(d) (internal quotation marks omitted)). At trial, Ms. Stevenson testified that she saw Mr. Cray outside her residence wearing gloves and carrying a metal pole, observed him kicking or beating

on her door, walls, and windows with the pole, and heard him yelling, screaming, and threatening to kill her. Ms. Stevenson believed Mr. Cray had applied enough force to enter the residence had law enforcement not arrived when they did. In addition, Officer Viloria testified that he saw Mr. Cray holding something that looked like a crowbar and that Mr. Cray told Officer Viloria that "he was trying to get inside the house" because he worried his son was exposed to drugs inside the residence. *Id.* at 208.

Viewed in the light most favorable to the State, the evidence presented at trial was sufficient to support a finding beyond a reasonable doubt that Mr. Cray both intended to and attempted to enter Ms. Stevenson's residence. Therefore, reasonable jurists would not debate the district court's conclusion that Mr. Cray failed to demonstrate "that the OCCA's decision was contrary to or an unreasonable application of clearly established federal law, or an unreasonable determination of the facts." *Id.* at 311 (quoting 28 U.S.C. § 2554(d)).

## IV.    CONCLUSION

For the foregoing reasons, we conclude that reasonable jurists could not debate the district court's denial of Mr. Cray's § 2254 petition. We therefore DENY a COA as to all claims and DISMISS this matter.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

14